DMJ:ALB
F.#2011R00746

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ROBERT LIS,

           Defendant.

- - - - - - - - - - - - - - - -X

I N D I C T M E N T

CR-12 0309

(T. 18, U.S.C., §§ 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 31, U.S.C., §§ 5317(c), 5324(a)(3) and 5324(d)(2))

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 0 1 2012 ★

LONG ISLAND OFFICE

FEUERSTEIN, J

TOMLINSON, M

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

The Defendant and Bank Accounts

1. On or about and between August 13, 2008 and October 31, 2011, both dates being approximate and inclusive, the defendant ROBERT LIS maintained personal checking accounts in his name, as well as corporate checking accounts in the name of East Coast Venture Group, LLC, for which he was the sole signatory (collectively, the "Lis Accounts"), at the following domestic financial institutions, as defined in Title 31, United States Code, Section 5312:

| DOMESTIC FINANCIAL INSTITUTION | BRANCH | ACCOUNT NAME | ACCOUNT NUMBER ENDING |
|---|---|---|---|
| JP Morgan Chase Bank, N.A. | Greenvale, New York | East Coast Venture Group LLC | 9832 |

| DOMESTIC FINANCIAL INSTITUTION | BRANCH | ACCOUNT NAME | ACCOUNT NUMBER ENDING |
|---|---|---|---|
| JP Morgan Chase Bank, N.A. | Greenvale, New York | Robert Lis | 3286 |
| Bank of America, N.A. | Glen Cove, New York | Robert Lis | 0914 |
| First National Bank of Long Island | Old Brookville, New York | Robert Lis | 5467 |
| TD Bank, N.A. | Roslyn Heights, New York | East Coast Venture Group, LLC | 8525 |
| Wells Fargo Bank, N.A. | Carle Place, New York | Robert Lis | 8478 |
| Wells Fargo Bank, N.A. | Greenvale, New York | East Coast Venture Group, LLC | 0835 |
| Capital One, N.A. | Roslyn, New York | East Coast Venture Group LLC | 5642 |
| Capital One, N.A. | Roslyn, New York | Robert Lis | 6857 |

The Currency Reporting Requirements

2. At all times relevant to this Indictment, the United States currency reporting requirements provided as follows:

a. Pursuant to Title 31, United States Code, Section 5313 and Title 31, Code of Federal Regulations, Section 1010.311, domestic financial institutions were required to file a Currency Transaction Report ("CTR") with the United States Department of the Treasury for each transaction of currency, such as a deposit, withdrawal, exchange of currency or other payment

or transfer by, through or to such financial institution involving more than $10,000.

   b. Pursuant to Title 31, Code of Federal Regulations, Section 1010.313(b), multiple currency transactions were treated as a single transaction if the financial institution had knowledge that they were by or on behalf of any person and resulted in either cash in or cash out totaling more than $10,000 during any one business day. Deposits made at night or over a weekend or holiday were treated as if received on the next business day following the deposit.

   c. CTRs required disclosure of, among other things, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed, as stated in Title 31, Code of Federal Regulations, Section 1010.312.

   d. CTRs were required to be filed to assist the United States in criminal, tax and regulatory investigations and proceedings, as stated in Title 31, Code of Federal Regulations, Section 1010.301.

   e. Pursuant to Title 31, Code of Federal Regulations, Section 1010.100(xx), "structuring" financial transactions included the breaking down of amounts of currency into amounts of $10,000 or less prior to transacting business with domestic financial institutions, for the purpose of evading

the currency reporting requirements of Title 31, Code of Federal Regulations, Section 1010.311 et. seq.

The Structuring Activity

3. On or about and between January 9, 2009 and October 31, 2011, both dates being approximate and inclusive, the defendant ROBERT LIS structured deposits totaling more than $2.4 million dollars into the Lis Accounts via multiple cash deposits in amounts less than $10,000 into the Lis Accounts, which deposits totaled more than $10,000 during one business day.

## COUNTS ONE THROUGH FOUR
(Structuring Financial Transactions)

4. The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

5. On or about and between the dates listed below, such dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROBERT LIS, together with others, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations prescribed thereunder, did knowingly and intentionally structure, assist in structuring and attempt to structure and assist in structuring one or more transactions with one or more domestic financial institutions, to wit:

| COUNT | DOMESTIC FINANCIAL INSTITUTIONS AND ACCOUNTS | DATES |
|---|---|---|
| ONE | JP Morgan Chase Bank, N.A., Account Numbers Ending 9832 and 3286 and Bank of America, N.A., Account Number Ending 0914 | January 9, 2009 to October 14, 2009 |
| TWO | First National Bank of Long Island, Account Number Ending 5467 and TD Bank, N.A., Account Number Ending 8525 | September 9, 2009 to November 30, 2010 |
| THREE | First National Bank of Long Island, Account Number Ending 5467, TD Bank, N.A., Account Number Ending 8525 and Wells Fargo Bank, N.A., Account Numbers Ending 8478 and 0835 | October 13, 2010 to February 14, 2011 |
| FOUR | Capital One, N.A., Account Numbers Ending 5642 and 6857 | February 22, 2011 to October 31, 2011 |

by (a) breaking amounts of currency deposit amounts in excess of $10,000 into deposit amounts of less than $10,000, and (b) depositing the smaller amounts of currency into accounts with one or more domestic financial institutions, as part of a pattern of illegal activity involving more than $100,000 in a twelve month period.

(Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE THROUGH FOUR

6. The United States hereby gives notice to the defendant that, upon his conviction of the offenses charged in

Counts One through Four, the government will seek forfeiture in accordance with Title 31, United States Code, Section 5317(c), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, and any property traceable to such property.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property, which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendant, up to the value of the forfeitable property described in this forfeiture allegation.

(Title 31, United States Code, Section 5317(c); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
Foreperson

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD-34
JUN. 85

No. 2011R00746

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

ROBERT LIS
Defendant.

# INDICTMENT

T. 18, U.S.C., §§ 2 and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 31, U.S.C., §§ 5317(c), 5324(a)(3) and 5324(d)(2)

A true bill.

_____
Foreman

Filed in open court this _____ day,

of _____ A.D. 19 _____

_____
Clerk

Bail, $ _____

ALLEN BODE, (631) 715-7828